# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| ALMA ROSA BLAIR, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-14-CV-00183-DCG |
| | § | |
| PRIDE INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING PLAINTIFF'S MOTIONS

Presently before the Court are Plaintiff Alma Rosa Blair's ("Plaintiff" or "Blair") "Motion[s] to Quash and For Protective Order" ("Motions") (ECF Nos. 11–16), filed on September 5, 2014. After reviewing the motions, the responses and the applicable law, the Court hereby denies the instant Motions.

## I. BACKGROUND

This is an employment discrimination and retaliation suit under federal and state law. In her Original Petition, Plaintiff claims she was discriminated against based on her race, sex, and age. *See* Notice of Removal 4–7, ECF 1. She also claims she was retaliated against by her former employer, the defendant in the case, for opposing its alleged discriminatory practices. *See id.* at 5.

The instant action originated in state court. On May 16, 2014, Defendant removed the above–captioned cause to this Court. *See* Notice of Removal 1–3. On September 3, 2014, Defendant served its "Notice of Intent to Take Depositions by Written Questions" and served a subpoena on several of Plaintiff's previous employers, including Home Depot, Tyson Prepared

Foods, Levi Strauss & Co., Research Analysis and Maintenance Insurance, and Zenith

Electronics Corp.; and her current employer, Sears Methodist Retirement Systems. *See* Mots. 1.[1]

Specifically, Defendant requested from each employer:

> The underlined files(s) of ALMA R. BLAIR, including but not limited to: any and all medical, attendance and disciplinary files, job description, application for employment, new employee forms, attendance records, discipline and counseling forms, and if applicable, documents relating to her separation from employment and the reasons for the separation [from] her employment, wage and payroll information, files on employee benefits which ALMA R. BLAIR has received, is/was entitled to receive to include plans, statements, and summaries concerning said benefits available to ALMA R. BLAIR.

Mots. 1–2.

Plaintiff filed the instant Motions on September 5, 2014, seeking to quash the subpoenas.

Defendant filed two responses on September 11, 2014, one addressing Plaintiff's past employers

("Response PE") and the other addressing Plaintiff's current employer ("Response CE"). *See*

ECF Nos. 17, 18. All matters are now ripe for review.

## II. ANALYSIS

### A. *Whether to Grant Plaintiff's Motions*

"Discovery matters are entrusted to the 'sound discretion' of the district court." *King v.*

*Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Richardson v. Henry*, 902 F.2d 414,

417 (5th Cir. 1990); *accord Harris v. Amoco Prod. Co.*, 768 F.2d 669, 684 (5th Cir. 1985).

Federal Rule of Civil Procedure 26(b)(1) allows parties to "obtain discovery regarding any non-

privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1).

At the discovery stage, relevancy is broadly construed: "information is relevant if it encompasses

any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any

issue that is or may be in the case." *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)

---

[1] Plaintiff's Motions are identical with the exception that each addresses a different former employer.

(citation omitted) (internal quotation marks omitted). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

A party may seek an order limiting the scope of discovery request pursuant to Federal Rule of Civil Procedure 26(c). In order to prevail, a party seeking a protective order must establish good cause and a specific need for protection. *See Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435 (5th Cir. 1990) (citing Fed. R. Civ. P. 26(c)), *opinion modified on denial of reh'g* (Apr. 27, 1990). "Good cause" exists when justice requires the protection of "a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (quoting Fed. R. Civ. P. 26(c)(1)). To establish good cause, the party seeking the protective order must articulate particular and specific facts to support its request and cannot rely on speculative or conclusory statements. *See In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). Likewise, a party seeking to quash a subpoena under Rule 45(c)(3) bears the burden of proof. *See Anzures v. Prologis Texas I LLC*, 300 F.R.D. 316, 317 (W.D. Tex. 2012) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)).

Defendant argues that it is entitled to Plaintiff's past (1) disciplinary records; (2) termination documents; (3) job description; (4) job application; (5) resume; and (6) pay records that identify her wages and benefits. *See* Resp. PE 3–4; Resp. CE 3. Defendant first argues that Plaintiff has raised questions about her credibility. In response to Defendant's interrogatory requesting that Plaintiff "identify each document which constitutes or contains evidence relevant to your claim that you were discriminated against," Plaintiff produced a resume that is different from the one she furnished Defendant during her application process. *See* Resp. PE 2; Resp. CE

2. Defendant argues that in light of this discrepancy, Plaintiff's credibility is in question. *See* Resp. PE 3; Resp. CE 3.

Defendant also argues that the documents sought are relevant to damage assessment, both in regards to a possible after–acquired evidence defense and mitigation of damages. *See* Resp. PE 4–5; Resp. CE 4–5. Under the after–acquired evidence doctrine, an employer can limit its damages for discrimination to back pay up through when the new evidence was discovered if the employer can establish that an employee's wrongful act was severe enough to terminate the employee on those grounds alone. *See McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 361–62 (1995). In this case, Defendant would have to establish that it would have terminated Plaintiff upon discovery of the alleged application falsification. Defendant also argues that employees have a duty to mitigate their damages, and thus payment information related to her prior and subsequent employment is relevant.

Plaintiff contends that the subpoenas are "overly broad [and] unduly burdensome, require[] disclosure of proprietary and privileged documents with no applicable waiver, and [are] not likely to lead to the discovery of admissible evidence." Mots. 3. Plaintiff contemporaneously moves for a protective order based on "the annoyance, embarrassment, and oppression that production of the requested documents would cause . . . ." Mots. 4. Plaintiff contends that the subpoenas have "no legitimate purpose other than to harass and inform Plaintiff's previous and subsequent employers that the Plaintiff has filed a suit against one of her previous employers." *See* Mots. 4. Finally, Plaintiff argues that even proof of after–acquired evidence is not sufficient if Defendant's subpoenas are merely fishing expeditions. *See* Mots. 2–3.

The Court finds that Plaintiff has not articulated specifics to support her Motions. Instead, Plaintiff's Motions set forth only general objections and conclusory statements. *See Anzures*, 300 F.R.D. at 318 (denying a plaintiff's motion to quash and for a protective order regarding past employment records on the grounds that the objections were conclusory).

The Court agrees with Defendant that the information sought is relevant and reasonably calculated to lead to the discovery of admissible evidence. First, Plaintiff put her resume and past work experience into question by producing it in response to Defendant's interrogatory request. Second, there is little question that the payroll records are relevant to Defendant's mitigation. Any information related to Plaintiff's earnings is relevant to the determination of potential damages in this case. In fact, Plaintiff appears to concede as much by stating that such production would be duplicative of already–produced documents. *See* Mots. 4. Finally, Defendant has raised the existence of a discrepancy in Plaintiff's past employment history. Such a discrepancy could give rise to the after–acquired evidence defense, which would be relevant to any potential remedy by Plaintiff in this case. *See Bowers v. Sears, Roebuck & Co.*, No. A–13–CV–348–AWA, 2014 WL 4269090, at *2 (W.D. Tex. Aug. 29, 2014) (permitting discovery of a plaintiff's past employers because there was a discrepancy in information provided to employer and discovery responses).[2]

In conclusion, Plaintiff has failed to carry her burden of establishing good cause to quash the third party subpoenas and for a protective order. Aside from conclusory assertions, Plaintiff

---

[2] Plaintiff cites primarily to *Premer v. Corestaff Svcs., L.P.*, 232 F.R.D. 692, 693 (M.D. Fla. 2005) for the proposition that proof of after–acquired evidence is not sufficient to allow discovery of past employment records. The Court notes that both that case and all other cases cited by Plaintiff are outside of the Fifth Circuit and are not precedential. Moreover, the Court finds that the cases are distinguishable from the case at bar because Defendant has provided additional independent bases for the discovery requests. In regards to *McKennon*, Plaintiff's argument is flawed because the Supreme Court ultimately allowed, albeit with concern for possible abuse, the employer to rely upon after–acquired evidence of wrongdoing to limit damages.

has not provided any argument as to how retrieving this information from her past and current employers would lead to "annoyance, embarrassment, and oppression." The Court notes that any such result would be mitigated by a protective order limiting Defendant's use of the records to the instant litigation.

### B. *Whether to Grant Expenses to Defendant*

When a motion to compel discovery or for protective order is denied, the Court must consider expenses under Rule 37(a)(5) of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(c)(3). That Rule states that the Court

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). Defendant did not ask for expenses. Regardless, the Court finds that Plaintiff's Motions were substantially justified. Therefore both parties will incur their own expenses.

### III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED THAT** Plaintiff Alma Rosa Blair's "Motion[s] to Quash and For Protective Order" (ECF Nos. 11–16) are **DENIED**.

**IT IS ALSO ORDERED THAT** the parties **SHALL** submit a joint protective order limiting the use of Plaintiff Alma Rosa Blair's employment records to the instant action within **twenty–one (21)** days of this Order.

So ORDERED and SIGNED this 27th day of January, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE