UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

§
§
§
HONORABLE DAVID C. GUADERRAMA    §    ALL CIVIL CASES
§
§
§

## STANDING ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

This Standing Order vacates and supersedes the Court's previous "Standing Order Regarding Motions for Summary Judgment," entered on May 15, 2012.

**A. Motions for Summary Judgment**

(1) No party may file more than one motion pursuant to Federal Rule of Civil Procedure 56, regardless of whether such motion is denominated as a partial motion for summary judgment or summary adjudication, without leave from the Court.

(2) Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. Moreover, the Court expects that the party moving for summary judgment will strictly observe the timing requirements of the Local Rules and this Standing Order.

**Movant's Proposed Undisputed Facts**

(3) There shall be annexed to a motion for summary judgment a document entitled "Proposed Undisputed Facts," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed

admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Section A(5) of this Standing Order.

(4) The Proposed Undisputed Facts shall be prepared in a two–column format. The left column shall set forth the allegedly undisputed fact. The right column shall set forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject as concisely as possible.

***Example for Movant***:

| PROPOSED UNDISPUTED FACTS | EVIDENCE |
|---|---|
| 1. Moving party's first proposed undisputed fact. | Citation to evidence in support of the first proposed undisputed fact. |
| 2. Moving party's second proposed undisputed fact. | Citation to evidence in support of the second proposed undisputed fact. |

### Non–Movant's Response to Proposed Undisputed Facts

(5) There shall be annexed to a response to a motion for summary judgment a document entitled "Response to Proposed Undisputed Facts." The opposing party's Response to Proposed Undisputed Facts must be prepared in a three–column format, and track the movant's Proposed Undisputed Facts exactly as prepared by that party. The first column must restate the allegedly undisputed fact verbatim. The second column must state whether each numbered fact in the first column is undisputed or disputed. If a proposed undisputed fact is disputed, the third column must cite evidence supporting the assertion that there is a genuine issue for trial regarding the proposed undisputed fact, or provide a specific evidentiary objection to the evidence on which the movant relies in support of

the proposed undisputed fact.  The opposing party may dispute all or only a portion of each statement in the first column, but if disputing only a portion, the opposing party must clearly indicate in the second column what part is being disputed, followed by the opposing party's evidence or objection in the third column controverting the proposed undisputed fact.  The Court will not wade through a document to determine whether a fact really is in dispute.  To demonstrate that a fact is disputed, the opposing party must (1) in the second column, briefly state why it disputes the moving party's asserted fact, and (2) in the third column, cite to the relevant exhibit or other piece of evidence, and describe what it is in that exhibit or evidence that refutes the asserted fact, or provide an evidentiary objection to the movant's evidence.  No legal argument should be set forth in the Response to Proposed Undisputed Facts.

***Example for Non–Movant***:

| **PROPOSED UNDISPUTED FACTS** | **UNDISPUTED or DISPUTED** | **CONTROVERTING EVIDENCE (if disputed)** |
|---|---|---|
| 1.  Identical to moving party's first proposed undisputed fact. | Undisputed **or** Disputed (if disputed, what exactly is disputed and why). | Citation to evidence **and** brief statement explaining how/why cited evidence refutes the asserted fact **and/or** specific evidentiary objection to movant's evidence cited in support of asserted fact. |
| 2.  Identical to moving party's second proposed undisputed fact. | Undisputed **or** Disputed (if disputed, what exactly is disputed and why). | Citation to evidence **and** brief statement explaining how/why cited evidence refutes the asserted fact **and/or** specific evidentiary objection to movant's evidence cited in support of asserted fact. |

(6) The opposing party may submit additional material facts that bear on or relate to the issues raised by the movant, which shall follow the format described above in Section A(4) for the moving party's Proposed Undisputed Facts. These additional facts shall continue in sequentially numbered paragraphs and shall set forth in the second column the evidence that supports that statement. There is no third column in this section.

**Movant's Reply to Response to Proposed Undisputed Facts**

(7) If the movant disputes any additional facts submitted by the opposing party in its Response to Proposed Undisputed Facts as described in Section A(6) above, the movant may dispute those additional facts in a document entitled "Reply to Response to Proposed Undisputed Facts." If filed, that document shall be annexed to the movant's Reply in support of the motion for summary judgment and it shall follow the same three–column format described in Section A(5) above, with the exception that the Reply to Response to Proposed Undisputed Facts shall be limited to the new additional facts submitted by the opposition party. This document shall not introduce additional material facts.

(8) No party shall submit more evidence than necessary to support or controvert a proposed undisputed fact. For example, entire deposition transcripts, entire sets of interrogatory responses, and documents that do not specifically support or controvert material in the Proposed Undisputed Facts shall not be submitted in support of or in opposition to a motion for summary judgment. The Court will not consider such material.

(9) Evidence submitted in support of or in opposition to a motion shall be submitted either by way of stipulation or as exhibits to declarations sufficient to authenticate it.

(10) If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection should be specifically stated. Do not submit blanket or

boilerplate objections to the opponent's proposed undisputed fact; the boilerplate objections will be overruled and disregarded.

(11) Pursuant to Federal Rules of Civil Procedure 56(c)(3) and 56(e), counsel and *pro se* parties are hereby notified that failure to provide specific citations to evidence in the record, as required by this Standing Order and Federal Rule of Civil Procedure 56(c)(1), may result in an order granting or denying the motion for summary judgment when the party fails to comply.

(12) The Proposed Undisputed Facts and the Response to Proposed Undisputed Facts referred to above shall be filed and served along with the motion (and supporting papers) required by Local Court Rule CV–5 and Federal Rule of Civil Procedure 5.

## B. Notice to *Pro Se* Litigants Regarding Summary Judgment

Any represented party moving for summary judgment against a party proceeding *pro se* shall file and serve, as a separate document, in the form set forth below, a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment as Required by Standing Order Governing Motions for Summary Judgment." If the *pro se* party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Federal Rule of Civil Procedure 56 and of this Standing Order.

## C. Effective Date

This Standing Order applies to all summary judgment motions filed after July 22, 2015.

So ORDERED and SIGNED this __22ⁿᵈ__ day of July, 2015.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

## Notice to *Pro Se* Litigant Opposing Motion For Summary Judgment As Required by Standing Order Governing Motions for Summary Judgment

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor. THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY FEDERAL RULE OF CIVIL PROCEDURE 56 AND THIS COURT'S STANDING ORDER GOVERNING MOTIONS FOR SUMMARY JUDGMENT. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor. To make this showing, you must submit competent summary judgment evidence disputing the defendant's version of the facts. Such evidence may include affidavits or unsworn declarations that comply with 28 U.S.C. § 1746. An affidavit is a sworn statement by an affiant that the facts contained in the affidavit are true to the best of the affiant's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. Alternatively, you may submit unsworn declarations. However, pursuant to 28 U.S.C. § 1746, the unsworn declaration must contain the following sentence at the end of the declaration:

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on [date]. [Signature]."

In addition to affidavits and declarations, you may also file deposition transcripts, responses to discovery requests, and other admissible evidence that support your claims.

If you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Standing Order Governing Motions for Summary Judgment carefully. This Standing Order provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed, see (a)(2), and how you must support your claims with specific references to evidence, see (a)(3). If you fail to follow these instructions, the defendant's motion may be granted. You must file your response papers with the Clerk of the Court and mail a copy to the defendant's counsel within **fourteen (14) days** of the filing of the defendant's motion with the Clerk of the Court.